Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**, | Case No.:  6:15-cv-00219-AC |
| Plaintiff, | PLAINTIFF'S MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA TO NON-PARTY |
| v. | |
| **DOE-73.25.44.231,** | |
| Defendant. | EXPEDITED RULING REQUESTED |

<u>LR 7-1 Conferral</u>

The relevant subscriber from whom discovery is sought is non-responsive to plaintiff's attempts to communicate and as such there has been no conferral on this motion.

**PLAINTIFF'S MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA**

**TO NON-PARTY**

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiff moves the Court for an order permitting plaintiff to issue an FRCP 45 subpoena for the deposition of the non-party identified as responsible for the Internet protocol ("IP") address used by the Doe defendant to infringe plaintiff's rights.  Plaintiff believes the relevant deposition will take no more than two (2) hours.

<u>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ISSUE**</u>

<u>**FRCP 45 SUBPOENA TO NON-PARTY**</u>

**1.    Introduction**

As outlined in plaintiff's complaint (Dkt. 1) and the prior motion to expedite discovery (Dkt. 3) plaintiff is seeking leave to identify the Doe defendant who used a specific IP address to infringe plaintiff's rights.   As per the Complaint, the persistence of the activity associated with the IP address, which can be filed if requested, indicates the Doe defendant is a permissive user of the subscriber's Internet service and likely long-term resident of the household.

In this case ISP Comcast has identified a singular subscriber that was assigned the IP address used by the Doe.  However, the identified subscriber refuses to respond to communications or participate in any investigation or inquiry.  Independent attempts to research the name provided by Comcast or any other parties associated with the subscriber's address provide inconclusive results.  As with the content associated with the relevant IP address, research on parties with the same name of the subscriber might be filed.   But as more than one person might share a name, plaintiff maintains such should only be submitted on request. Reasonably available records simply do not provide any evidence to assist in identifying the actual infringer. As such plaintiff is left with the options of proceeding against the subscriber as named by Comcast and possibly substituting another party on discovery, or seeking further discovery to ascertain the identity of the true Doe defendant prior to naming a party.

While the named subscriber is often the proper defendant, plaintiff wishes to ensure that investigations are complete and proper as there is the often asserted "an IP address is not a person" defense and plaintiff submits that in this matter something beyond the mere identification of a subscriber by an ISP is proper before a defendant is named.

**2.  There is a demonstrated likelihood of plaintiff being able to identify an actual infringer with further discovery.**

In 2014 plaintiff was party to a total of 19 actions in this state.  The record before this court is that when plaintiff has an IP address that permits further investigation, plaintiff has successfully confirmed the identity of an infringing defendant the vast majority of the time. If the question before the court is whether or not plaintiff is "likely" to be able to identify the actual infringer, then based on the proven record the answer is a resounding "yes."

Based on available information and the record before the court plaintiff believes in this instance further discovery is warranted to ascertain the identity of the occupants of the address assigned the infringing IP address and the identity of the proper Doe defendant.

**3.  Conclusion**

Plaintiff respectfully requests the Court grant its motion for leave to issue an FRCP 45 subpoena to the non-party subscriber to depose the subscriber on matters related to the access and use of their Internet service by occupants of the residence.

Plaintiff request an expedited ruling on this matter to avoid spoliation as the deletion and destruction of files may be occurring.

DATED:  April 10, 2015.

Respectfully submitted,

*/s/Carl D. Crowell*
Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
(503) 581-1240
Of attorneys for the plaintiff